IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DENNIS L. FOLKS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:08CV836-SRW |
| ) | (WO) |
| MICHAEL J. ASTRUE, Commissioner ) | |
| of Social Security, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OF OPINION**

On September 23, 2003, plaintiff Dennis L. Folks filed an application for disability insurance benefits, alleging that he became disabled as of November 11, 2007, due to left leg injury, head trauma, and ulcers. He claims that, due to these impairments, he is in constant pain, walking is difficult, it is difficult for him to sit or stand, and he is limited in his physical activities. (R. 136-38, 199). On September 27, 2007, after an administrative hearing held on July 16, 2007, the ALJ rendered a decision finding that plaintiff was not under a disability, as defined in the Social Security Act, from his alleged onset date through June 30, 2001, his date last insured. (R. 1287-1320).[1] On August 12, 2008, the Appeals Council declined to

---

[1] This is the second time this claim has been before the court. The ALJ held an administrative hearing on the present application on April 25, 2005. (R. 45-99). Four months after that hearing, the ALJ issued a decision denying plaintiff's claim for disability benefits. (R. 14-42). On June 8, 2006, the Appeals Council denied review (R. 6-9), and plaintiff appealed the Commissioner's decision to this court. The Commissioner moved for remand pursuant to sentence four of 42 U.S.C. § 405(g) because portions of the hearing tape were inaudible and could not be transcribed; on February 2, 2007, this court entered judgment and remanded the case to the Commissioner for further proceedings. (R. 1331, Judgment in Civil Action No. 2:06cv724-SRW). On April 19, 2007, the Appeals Council remanded the case to the ALJ who had conducted the first hearing for a second *de novo* hearing. (R. 1337). The ALJ's decision following the second hearing is now before the court for review.

assume jurisdiction over the case. (R. 1280-82). Accordingly, the ALJ's decision stands as the final decision of the Commissioner.[2] Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the Commissioner's decision. In March 2010, the court received written consent from all parties to entry of final judgment by the Magistrate Judge, pursuant to 28 U.S.C. § 636(c). Upon review of the record and briefs submitted by the parties, the court concludes that the Commissioner's decision is due to be affirmed.

## DISCUSSION

In his appeal to this court, plaintiff first alleges an error of law – he contends that the Commissioner's decision must be reversed because the ALJ failed to give adequate weight to the finding of the Department of Veterans Affairs ("VA") that he was entitled to "individual unemployability" effective April 30, 2002. (Plaintiff's brief, pp. 3, 6). He argues that "[t]he ALJ made no specific assignment of weight to the finding of individual unemployability by the V.A." but that "it appears from the discussion that the ALJ accorded no weight at all to the V.A. finding, excluding it from any meaningful consideration due to the fact that the effective date of the finding of individual unemployability by the V.A. was after the claimant's date last insured." (Id.).

"A VA rating is certainly not binding on the [Commissioner], but it is evidence that should be considered and is entitled to great weight." Rodriguez v. Schweiker, 640 F.2d 682, 686 (5th Cir. Unit A, Mar. 25, 1981). In Kemp v. Astrue, 308 Fed. Appx. 423 (11th Cir.

---

[2] Pursuant to 20 C.F.R. § 404.984, if the Appeals Council does not assume jurisdiction to review an ALJ's decision rendered after a case is remanded by a federal court, the decision of the ALJ is the final decision of the Commissioner.

2009), the Eleventh Circuit affirmed the Commissioner's decision denying a disability claim even though "the ALJ did not specifically state that he gave great weight to the VA's disability ratings." Id. at 426. The court determined, based on the language of the ALJ's decision referring to the VA disability rating and to the claimant's VA medical records, that the ALJ had implicitly given the VA's rating decision "great weight." Id. In Chambliss v. Massanari, 269 F.3d 520 (5th Cir. 2001), the court stated:

> A VA rating of total and permanent disability is not legally binding on the Commissioner because the criteria applied by the two agencies is different, but it is evidence that is entitled to a certain amount of weight and must be considered by the ALJ. See Loza v. Apfel, 219 F.3d 378, 394 (5th Cir.2000); Latham v. Shalala, 36 F.3d 482, 483 (5th Cir.1994); Rodriguez v. Schweiker, 640 F.2d 682, 686 (5th Cir.1981). In Rodriguez and its progeny, we have sometimes referred to a VA disability determination as being entitled to "great weight." While this is true in most cases, the relative weight to be given this type of evidence will vary depending upon the factual circumstances of each case. Since the regulations for disability status differ between the SSA and the VA, ALJs need not give "great weight" to a VA disability determination if they adequately explain the valid reasons for not doing so.

Id. at 523. While the Kemp court concluded that the ALJ had implicitly accorded the VA's disability rating "great weight" it – like the Chambliss court – did not require the ALJ to treat the VA's findings as conclusive or controlling on any issue; rather, it affirmed the decision denying benefits even though the ALJ had determined that the claimant's PTSD was not "severe" for purposes of the Social Security disability analysis, despite his 30% VA disability rating. The Rodriguez court had before it a VA rating of total disability. While the court stated that such a rating is entitled to "great weight" and "should be considered," it prefaced these statements with the observation that a VA rating is "certainly not binding" on the Commissioner. Rodriguez, 640 F.2d at 686.

In this Title II case, plaintiff's insured status expired on June 30, 2001.[3] Plaintiff's appeal rests on the VA "finding of unemployability"[4] which issued on July 25, 2003 and which – as plaintiff acknowledges[5] – was effective April 30, 2002. (R. 226-29). In his decision, the ALJ set forth plaintiff's history of treatment at the VA, in painstaking detail, from plaintiff's alleged onset date of November 1997 through October 25, 2001, four months after his date last insured. (See R. 1292-1307).[6] The ALJ noted that, "in July 2003, the Department of Veterans Affairs determined that the claimant was entitled to individual unemployability <u>effective April 30, 2002</u>. This effective date is outside the date last insured in the present case." (R. 1312)(emphasis in original). This statement came at the end of a section in which the ALJ expressly assigned weight to various medical opinions of record. (See R. 1311-12). However, as plaintiff argues, the ALJ did not make a "specific assignment of weight to the finding of individual unemployability by the V.A." (Plaintiff's brief, p. 3; R. 1312). Plaintiff observes that "it appears from the discussion that the ALJ accorded no weight at all to the V.A. finding, excluding it from any meaningful consideration due to the fact that the effective date of the finding of individual employability by the V.A. was after

---

[3] Plaintiff concurs with the ALJ's determination regarding his date last insured. See Plaintiff's brief, p. 3 ("The claimant[] has a date last insured for disability benefits of June 30, 2001.").

[4] The VA determined that plaintiff's "overall or combined" disability rating is 70%. (R. 229).

[5] See Plaintiff's brief, p. 6 ("[Plaintiff] appeals the denial of his disability benefits on the grounds that the ALJ erred by failing to give adequate weight to the finding of the Veterans Administration that the claimant was entitled to individual unemployability, effective April 30, 2002.").

[6] The ALJ also noted a letter which plaintiff submitted to him, after the hearing, from D. Booth, Ph.D., the Clinical Director of the Chronic Pain Program, Department of Veterans Affairs (CAVHCS), admitting plaintiff to a three-week intensive chronic pain program for the period from August 6 through August 24, 2007. (R. 1308). Plaintiff's admission to the chronic pain program occurred more than six years after his date last insured.

4

the claimant's date last insured." (R. 3). As is clear from plaintiff's argument, although the ALJ did not expressly assign weight to the VA determination, the ALJ implicitly determined that it was not entitled to significant weight on the issue before him – that is, whether plaintiff was disabled before June 30, 2001. The court concludes, under the authority of Kemp, that the ALJ's failure to assign explicit weight to plaintiff's VA disability rating of 70% and the concurrent finding of "individual unemployability" is not a basis for reversal, because the ALJ implicitly indicated the weight he assigned to the determination.

Plaintiff notes, however, that his date last insured "is only ten months before the effective date of the V.A. finding of the claimant's entitlement to individual unemployability." He contends that, "in deciding to assign no specific weight to the V.A. finding of individual unemployability, the ALJ assumed that because the claimant remained at 10% service related disability up until April 30, 2002, the claimant had only a slight limitation of his employability until the effective date of the VA finding of unemployability." (Plaintiff's brief, p. 4). Plaintiff argues that, "in the absence of a significant change of the claimant's condition that would support a finding that the claimant abruptly went from a slight limitation of his employability to unemployable on April 30, 2002, it is much more likely that the claimant became unemployable over a period of time, and that the impairments that the V.A. assessed in their finding of individual unemployability, effective April 30, 2002, already existed, possibly as far back as June 30, 2001, possibly at or near the same level of severity that they existed on April 30, 2002." (Id.). Plaintiff contends that the ALJ's failure to accord significant weigh to the VA finding of individual unemployability "was

without sufficient basis or rationale." (Id.).[7]

However, as the Commissioner notes in response, the ALJ did *not* conclude that, before his date last insured, plaintiff had only a "slight limitation of his employability." (Commissioner's brief, p. 10).  To the contrary, the ALJ found that, during the relevant period, plaintiff suffered from a number of "severe" impairments: "alcohol and substance abuse, cocaine dependence, history of affective disorder – mood disorder, sciatica/tarsal tunnel syndrome/entrapment neuropathy of the left foot/leg, bilateral plantar faciitis, early osteoarthritis of the left knee, history of face and head trauma, history of pneumonia, bronchitis secondary to cigarette smoking, peptic ulcer disease, duo[]denitis, GERD and human iummunodeficiency virus (HIV+) infection." (R. 1309-10). The ALJ found that while plaintiff could satisfy the lifting requirements of "light" work on or before his date last insured, he was then limited to sedentary work in terms of the required standing and walking and also had nonexertional limitations. (R. 1317, 1319).  The ALJ concluded, further, that plaintiff did not have the residual functional capacity to perform his past relevant work.

---

[7] Plaintiff's argument is directed entirely to the VA's finding of individual unemployability. He does not contend that the ALJ erred in failing to credit any earlier VA disability rating.  (See Plaintiff's brief, Doc. # 9; Exhibits B18E, B19E). The court notes that, as with the VA finding of unemployability, the ALJ did not expressly assign weight to any earlier VA disability rating. However, the court finds no basis for reversal with regard to plaintiff's earlier rating because: (1) plaintiff's disability ratings depend primarily on his problems with his feet; (2) the ALJ referenced the earlier disability ratings in his decision; and (3) the ALJ determined that, because of his problems with his feet, leg and back, plaintiff – who was only 41 years old on his alleged onset date and 45 years old on his date last insured – was limited to *sedentary* work "in terms of restricting the number of hours standing and walking." (See ALJ's decision at R. 1305, 1311, 1317, 1319; Exhibits B18E, B19E; Exhibit B21F at R. 907 (VA vocational rehabilitation specialist's note that plaintiff told him, on April 2, 2001, that he had VA service-connected disability for his feet and a claim pending for his left knee, and that he is "physically limited in standing and walking and using his feet" but "is employable"); 20 C.F.R. § 404.1567(a)("Jobs are sedentary if walking and standing are required occasionally[.]").  Thus, even assuming that the ALJ erred in his discussion of plaintiff's earlier disability rating, any such error is harmless.

(R. 1317-18). The limitation of a claimant, at age 45, to light lifting and sedentary standing and walking clearly is not, as plaintiff contends, "a slight limitation of his employability." The ALJ's decision does not suggest otherwise. Additionally, the VA's "individual unemployability" finding does not provide a basis for concluding, as plaintiff argues, that the impairments leading to that finding existed "at or near the same level of severity that they existed on April 30, 2002." (See Plaintiff's brief, p. 4). In evaluating the VA's decision, the ALJ stressed its effective date. (R. 1312). The fact that the "individual unemployability" determination was effective ten months after plaintiff's date last insured is adequate reason for declining to accord it significant weight. Cf. Dennett v. Astrue, 2008 WL 4876851, *4-5 (D. Me. Nov. 11, 2008), *report and recommendation adopted*, 2008 WL 5103225 (D. Me. Dec. 4, 2008)("[T]he VA [100% disability] rating decision [effective one year after plaintiff's date last insured] sheds no light on the plaintiff's condition prior to his date last insured."). Plaintiff's allegation of error is without merit.

## CONCLUSION

Upon consideration of the record as a whole, the court concludes that the decision of the Commissioner is supported by substantial evidence and proper application of the law and that it is due to be AFFIRMED. A separate judgment will be entered.

Done, this 29th day of September, 2010.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE